IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RAIMON D. COLLINS                                                          PLAINTIFF

V.                                            NO. 12-2150

CAROLYN W. COLVIN,[1]
Acting Commissioner of the Social Security Administration        DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Raimon D. Collins, brings this action pursuant to 42 U.S.C. § 405(g), seeking

judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying his claims for a period of disability and disability insurance benefits

(DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the

Social Security Act (Act). In this judicial review, the Court must determine whether there is

substantial evidence in the administrative record to support the Commissioner's decision.  See

42 U.S.C. § 405(g).

I.      **Procedural Background:**

Plaintiff protectively filed his applications for DIB and SSI on May 21, 2010, alleging

an inability to work since April 28, 2009, due to ADHD, his knees, lumbar back, asthma, pain,

and shoulders. (Tr. 146-151, 180, 193).  An administrative hearing was held on December 14,

2010, at which Plaintiff appeared with counsel and testified. (Tr. 26-55).

By written decision dated March 15, 2011, the ALJ found that during the relevant time

---

[1]Carolyn W. Colvin, has been appointed to serve as acting Commissioner of Social Security, and is substituted as
Defendant, pursuant to Rule  25(d)(1) of the Federal Rules of Civil Procedure.

period, Plaintiff had an impairment or combination of impairments that were severe - degenerative disc disease, asthma, left shoulder pain, and attention deficit hyperactivity disorder (ADHD). (Tr. 12). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 12). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that he can occasionally climb, balance, stoop, kneel, crouch, and crawl. The claimant can frequently reach with his left upper extremity. The claimant must avoid concentrated exposure to dusts, fumes, gases, odors, and poor ventilation. He can understand, remember, and carry out simple, routine, and repetitive tasks and can respond appropriately to supervisors, coworkers, the general public, and usual work situations.

(Tr. 13). With the help of the vocational expert (VE), the ALJ determined that Plaintiff was unable to perform any past relevant work, but that there were other jobs Plaintiff could perform, such as bench assembler, laundry worker, and poultry eviscerator. (Tr. 17-18).

Plaintiff then requested a review of the hearing decision by the Appeals council, which denied the request on May 14, 2012. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11, 12).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.   Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir.

2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§423(d)(3), 1382(3)(D).  A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or

-3-

mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience.  See 20 C.F.R. §416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity (RFC).  See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §416.920.

**III.   Discussion:**

Plaintiff contends on appeal that the ALJ erred by failing to fully and fairly develop the record. (Doc. 11).  Plaintiff contends that the record contains no statement about how Plaintiff's ADD affected his ability to function in the workplace, that Dr. Keith Holder indicated that Plaintiff needed nerve studies to rule out carpal tunnel syndrome and needed an MRI of his left hip, and that having discredited Dr. Holder's opinion, the ALJ failed to fully and fairly develop the record regarding Plaintiff's physical complaints.

The ALJ has a duty to fully and fairly develop the record.  See Frankl v. Shalala, 47 F.3d 935, 938 (8th Cir. 1995);  Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir. 2000).  This is particularly true when Plaintiff is not represented by counsel.  Payton v. Shalala, 25 FG.3d 684, 686 (8th Cir. 1994).  This can be done by re-contacting medical sources and by ordering additional consultative examinations, if necessary.  See 20 C.F.R. § 404.1512.  The ALJ's duty to fully and fairly develop the record is independent of Plaintiff's burden to press his case.  Vossen v. Astrue, 612 F.3d 1011, 1016 (8th Cir. 2010).  However, the ALJ is not required to function as Plaintiff's substitute counsel, but only to develop a reasonably complete record.  See

-4-

Shannon v. Chater, 54 F.3d 484, 488 (8th Cir. 1995)("reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial").  "The regulations do not require the Secretary or the ALJ to order a consultative evaluation of every alleged impairment.  They simply grant the ALJ the authority to do so if the existing medical sources do not contain sufficient evidence to make a determination."  Matthews v. Bowen, 879 F.2d 423, 424 (8th Cir. 989).

With respect to Plaintiff's ADD, with which he was diagnosed in 2004 by Dr. Frederick W. Schaerf (Tr. 260), the record is clear that once Plaintiff began taking Adderall, his ADD stabilized.  (Tr. 262-264, 287, 290, 331, 349).  The Psychiatric Review Technique form and Mental RFC Assessment form completed by non-examining consultant Christal Janssen, Ph.D., also supports this.  Dr. Janssen found that Plaintiff had mild degree of limitation in restriction of activities of daily living; moderate degree of limitation in difficulties in maintaining social functioning and difficulties in maintaining concentration, persistence, or pace, and no episodes of decompensation, each of extended duration.  (Tr. 325).  In her Mental RFC Assessment, Dr. Janssen noted that Plaintiff did have ADD, "that appears stable on meds." (Tr. 331).  She further opined that Plaintiff appeared capable of "at least unskilled work." (Tr. 331).  It is clear that the ALJ had before him medical sources which contained sufficient evidence for him to make a determination regarding Plaintiff's ADD.

With respect to Plaintiff physical impairments, on August 14, 2008, x-rays of Plaintiff's right knee revealed no significant finding. (Tr. 286).  On September 26, 2008, an MRI of Plaintiff's lumbar spine without contrast revealed mild degenerative changes involving the lumbar spine with a small protrusion involving the L5/S1 level. (Tr. 283).

AO72A
(Rev. 8/82)

On July 7, 2010, a Physical RFC Assessment was completed by non-examining consultant Dr. Ronald Crow. (Tr. 307-314). Dr. Crow concluded that Plaintiff would be capable of performing medium work, and found no limitations were established. (Tr. 308-311). X-rays of Plaintiff's pelvis and left hip on December 3, 2010, were negative. (Tr. 355).

On August 5, 2009, Plaintiff presented himself to McMahan Family Medicine and it was reported that he had moved from Fort Smith, Arkansas to Edmond, Oklahoma to "start a new business of painting cars." (Tr. 347). On October 19, 2010, Plaintiff presented himself to Dr. Carolyn Dillard, of the Pointer Trail Family Clinic, PLLC, who reported that Plaintiff was in New Jersey "learning to pack parachutes and sky dive for 3 months and getting ready to go hunting in Colorado.... (Tr. 344). Claimant denied both of these reports at the hearing. (Tr. 34-35).

On December 3, 2010, Plaintiff saw Dr. Keith Holder, who gave Plaintiff a shoulder injection in March of 2010. (Tr. 351). It was Dr. Holder who saw Plaintiff one time other than the March injection, and opined that Plaintiff would miss about four days per month, could not use his left feet/legs for repetitive movements; could not use his hands/arms for repetitive action; and who would require a sit/stand/walk option. (Tr. 351). Dr. Holder believed Plaintiff needed to see a rheumatologist to rule out carpal tunnel syndrome, and have nerve studies done for his hands. (Tr. 351).

The ALJ gave Dr. Holder's opinion little weight, because he saw Plaintiff one time, x-rays showed no radiographic abnormalities; was not consistent with the evidence as a whole; and none of the other doctors who had examined Plaintiff had suggested that he was as limited as Dr. Holder suggested. (Tr. 15). The Court finds the ALJ gave sufficient explanation as to why he

-6-

gave Dr. Holder's opinion little weight, was warranted in doing so, and that the record contained sufficient evidence for him to make a determination regarding Plaintiff's physical impairments and RFC.

In addition, Plaintiff's credibility appropriately played a role in the ALJ's decision, considering the inconsistent statements Plaintiff gave to the doctors and at the hearing.

For the foregoing reasons, as well as those reasons given in Defendant's well stated brief, the Court finds there is substantial evidence to support the ALJ's findings and that he fully and fairly developed the record.

## IV.    Conclusion:

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The undersigned further finds that Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 26th day of July, 2013.

/s/ Erin L. Setser
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)